UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

PABLITO VEGA,

    Plaintiff,

v.                                                                                       Case No. 23-CV-1124-SCD

WISCONSIN DEPARTMENT OF WORKFORCE DEVELOPMENT,
ADJUDICATOR 4318,
ROHIT RANGARAJAN,
LABOR AND INDUSTRY REVIEW COMMISSION MEMBERS,
MICHAEL H. GILLICK,
GEORGIA E. MAXWELL, and
MARILYN TOWNSEND,

    Defendants.

---

## DECISION AND ORDER

---

       This action concerns Pablito Vega's dissatisfaction with how the State of Wisconsin handled his claim for unemployment benefits under the Pandemic Unemployment Assistance program. Vega applied for benefits in June 2020, at the height of the COVID-19 pandemic. *See* ECF No. 1 at 1. The Wisconsin Department of Workforce Development denied the application, and an administrative law judge affirmed the denial. *Id.* at 1–2. Vega sought administrative review of the Department's decision by the Labor and Industry Review Commission. *Id.* at 2. The Commission affirmed the ALJ's decision and denied Vega's application. Vega then sought judicial review by the Milwaukee County Circuit Court. The circuit court affirmed the Commission's decision, and that affirmance was upheld on appeal. *Id.* at 1–2.

In August 2023, Vega filed a complaint in federal court seeking to compel the release of the benefits allegedly owed to him, which he says are at least $55,350. *See* ECF No. 1. He names as defendants the Department, the adjudicator and the ALJ who denied the application on behalf of the Department, the Commission, and Commission members Michael Gillick, Georgia Maxwell, and Marilyn Townsend. On October 27, 2023, the Commission and the Department moved to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* ECF Nos. 10, 12. The matter was subsequently reassigned to this court after all parties consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). *See* ECF Nos. 3, 6, 7, 23, 25, 27.

A motion to dismiss under Rule 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "To survive a motion to dismiss under Rule 12(b)(6), a complaint must 'state a claim to relief that is plausible on its face.'" *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "To analyze the sufficiency of a complaint [courts] must construe it in the light most favorable to the plaintiff, accept well-pleaded facts as true, and draw all inferences in the plaintiff's favor." *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014) (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)).

The Commission and the Department insist that the complaint must be dismissed for several reasons. *See* ECF Nos. 11, 13. First, they contend that the Eleventh Amendment bars

2

Case 2:23-cv-01124-SCD    Filed 04/16/24    Page 2 of 6    Document 40

Vega's claims against both entities because they are arms of the State of Wisconsin. Second, they maintain that the Coronavirus Aid, Relief, and Economic Security (CARES) Act does not confer a private right of action to pandemic-related unemployment benefits. Finally, they maintain that this court lacks jurisdiction to award Vega the relief he seeks, as those benefits are administered by the State, not the federal government. The Commission and the Department ask that the complaint be dismissed with prejudice because the above reasons show that amendment would be futile.

Vega filed a response to the motions to dismiss. *See* ECF No. 14. He says that he is seeking not just the unemployment benefits wrongly denied to him, but also $150,000 in damages from each individual defendant. According to Vega, he is not bringing a cause of action against the State or any of its agencies,[1] and he is not pursuing a claim under the CARES Act. Rather, he seeks redress under 42 U.S.C. § 1983 against the adjudicator, the ALJ, and the three Commission members all in their individual capacities for allegedly denying him his constitutional right to due process. Vega also says he has exhausted his administrative remedies.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "Although by its terms the Amendment applies only to suits against a State by citizens of another State, [the Supreme Court has] extended the Amendment's applicability to suits by citizens against their own States." *Bd. of Trs. of Univ. of*

---

[1] Confusingly, in an unsolicited sur-reply, Vega indicated that he never relinquished any claims against the Commission. *See* ECF No. 31 at 2.

*Ala. v. Garrett*, 531 U.S. 356, 363 (2001) (collecting cases). "It is also well established that even though a State is not named a party to the action, the suit may nonetheless be barred by the Eleventh Amendment." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). For example, the Amendment also bars a suit brought by a private party seeking to impose liability on a state agency that must be paid from public funds in the state treasury. *See id.* (citations omitted).

"A state's sovereign immunity is not absolute." *Ameritech Corp. v. McCann*, 297 F.3d 582, 585 (7th Cir. 2002). "For example, 'a state may waive the protections of the amendment and consent to suit in federal court, or Congress may use its enforcement powers under the fourteenth amendment to abrogate the states' eleventh amendment immunity.'" *Id.* (quoting *MSA Realty Corp. v. Illinois*, 990 F.2d 288, 291 (7th Cir. 1993)). "For either exception to apply, the intent to waive or abrogate immunity must be explicit and unequivocal." *MSA Realty Corp.*, 990 F.2d at 291 (citing *Kroll v. Bd. of Trs. of Univ. of Ill.*, 934 F.2d 904, 907 (7th Cir. 1991)).

Sovereign immunity bars Vega's claims against the Department and the Commission. The State of Wisconsin is a sovereign state, *see* Wis. Stat. § 1.01, and the Department and the Commission are arms of the State, *see* Wis. Stat. §§ 15.10, 15.105(15), 15.22, 15.225. Moreover, nothing suggests that the State has explicitly and unequivocally waived the protections of sovereign immunity for cases like this one, and nothing suggests that Congress intended to abrogate state sovereign immunity for such suits when it passed the CARES Act. Vega presents no other exception to the agencies' sovereign immunity. Accordingly, Vega cannot pursue his claims against the Department, the Commission, or any agency members in their official capacity. This conclusion is in line with many other decisions addressing claims similar to Vega's. *See Whicker v. Va. Emp't Comm'n*, No. 1:21CV00047, 2023 WL 2987586, 2023 U.S. Dist. LEXIS 67624, at *7–8 (W.D. Va. Apr. 18, 2023) (finding a Virginia

state agency immune from suit concerning the denial pandemic-related unemployment benefits); *Ngando v. Comm'r Mark Butler*, No. 1:22-CV-02447-ELR, 2023 WL 6370896, 2023 U.S. Dist. LEXIS 181204, at *9–12 (N.D. Ga. Mar. 1, 2023) (same but a Georgia state agency); *Nelson v. Cal. Emp't Dev. Dep't*, No. 21cv2145-JAH-MDD, 2022 WL 687150, 2022 U.S. Dist. LEXIS 41249, at *9–11 (S.D. Cal. Mar. 8, 2022) (same, California); *Emiabata v. Bartolomeo*, No. 3:21-cv-00776 (OAW), 2022 WL 4080348, 2022 U.S. Dist. LEXIS 162622, at *16–21 (D. Conn. Jan. 3, 2022) (same, Connecticut); *McClendon v. Bernard*, No. 4:21-cv-00823-KGB, 2021 WL 5567369, 2021 U.S. Dist. LEXIS 227599, at *5–6 (E.D. Ark. Nov. 29, 2021) (same, Arkansas); *Price v. Mich. Unemp't Ins. Agency*, No. 20-12756, 2021 WL 927523, 2021 U.S. Dist. LEXIS 45367, at *4 (E.D. Mich. Mar. 11, 2021) (same, Michigan).

Furthermore, Vega is not entitled to a federal court order compelling the Department or the Commission to pay him the benefits he says were unlawfully withheld. Courts throughout the country, including within the Seventh Circuit, have consistently held that Congress did not create a private cause of action for pandemic-related benefits when it passed the CARES Act. *See, e.g.*, *Graham v. Payne*, No. 3:21-CV-888 DRL-MGG, 2022 WL 815138, 2022 U.S. Dist. LEXIS 47544, at *4 (N.D. Ind. Mar. 17, 2022) (collecting cases). Also, such benefits are administered by the states, not the federal government, *see* 15 U.S.C. § 9023, and in Wisconsin, a denied applicant may seek judicial review in state court, *see* Wis. Stat. § 108.09(7), as Vega did here. Vega does not point to any authority that would permit a federal court to compel a state agency to dispense benefits under a state-administered benefit program.

For all the foregoing reasons, the court **GRANTS** the Labor and Industry Review Commission's motion to dismiss, ECF No. 10; **GRANTS** the Wisconsin Department of

Workforce Development's motion to dismiss, ECF No. 12; and **DENIES** the plaintiff's motion for in-person hearing, ECF No. 17. Because Vega cannot plead around the sovereign immunity issue, the court **DISMISSES** the complaint **WITH PREJUDICE** as to the Department of Workforce Development and the Labor and Industry Review Commission. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015) ("Where it is clear that the defect cannot be corrected so that amendment is futile, it might do no harm to deny leave to amend.").

    **SO ORDERED** this 16th day of April, 2024.

_____
STEPHEN C. DRIES
United States Magistrate Judge