UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**PABLITO VEGA,**

    Plaintiff,

    v.                                                Case No. 23-CV-1124-SCD

**WISCONSIN DEPARTMENT OF WORKFORCE DEVELOPMENT,**
**ADJUDICATOR 4318,**
**ROHIT RANGARAJAN,**
**LABOR AND INDUSTRY REVIEW COMMISSION MEMBERS,**
**MICHAEL H. GILLICK,**
**GEORGIA E. MAXWELL,** and
**MARILYN TOWNSEND,**

    Defendants.

---

### ORDER DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT AND MOTION FOR DEFAULT JUDGMENT

---

This action concerns Pablito Vega's dissatisfaction with how the State of Wisconsin handled his claim for unemployment benefits under the Pandemic Unemployment Assistance program. Vega applied for benefits in June 2020, at the height of the COVID-19 pandemic. *See* ECF No. 1 at 1. The Wisconsin Department of Workforce Development denied the application, and an administrative law judge affirmed the denial. *Id.* at 1–2. Vega sought administrative review of the Department's decision by the Labor and Industry Review Commission. *Id.* at 2. The Commission affirmed the ALJ's decision and denied Vega's application. Vega then sought judicial review by the Milwaukee County Circuit Court. The circuit court affirmed the Commission's decision, and that affirmance was upheld on appeal. *Id.* at 1–2.

In August 2023, Vega filed a complaint in federal court alleging that the State's handling of his claim violated his right to due process. *See* ECF No. 1. He named as defendants the Department, the adjudicator (Adjudicator 4318) and ALJ (Rohit Rangarajan) who denied the application on behalf of the Department, the Commission, and Commission members Michael Gillick, Georgia Maxwell, and Marilyn Townsend. Vega, who is proceeding without the assistance of counsel, mailed each of the five individual defendants a request to waive service form on November 17, 2023. *See* ECF Nos. 29, 31, 32. That gave the individual defendants until January 16, 2024, to respond to the complaint. *See* Fed. R. Civ. P. 4(d)(3) ("A defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days *after the request was sent*.") (emphasis added). The individual defendants, however, believed incorrectly that the 60-day clock did not start until they agreed to accept service in early December. *See* ECF Nos. 29, 32, 33, 34. On January 30, 2024, the Commission members moved to dismiss the complaint for failure to state a claim. *See* ECF No. 35. The following day, the Department adjudicator and ALJ filed a notice joining the Commission members' motion. *See* ECF No. 37.

Several days later, Vega requested entry of default under Rule 55(a), *see* ECF No. 38, and moved for default judgment under Rule 55(b), *see* ECF No. 39. Rule 55(a) provides that the clerk of court must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend[] and that failure is shown by affidavit or otherwise." "Although Rule 55(a) . . . refers to entry of default by the clerk, it is well-established that a default also may be entered by the court." *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 185 (7th Cir. 1982) (citing 6 James Wm. Moore et al., *Moore's*

*Federal Practice* § 55.03[1] at 55-31 (1976 ed.)). Rule 55(b) permits a court to enter judgment on a default.

Vega has failed to show that he is entitled to entry of default or a default judgment. The individual defendants have not "failed to plead or otherwise defend"—indeed, they have moved to dismiss the entire complaint. Default therefore is not warranted in this case. *See Cannon v. Washington*, 321 F. App'x 501, 502–03 (7th Cir. 2009) (upholding district court's refusal to enter default judgment where the defendant failed to file a responsive pleading but otherwise participated in the litigation); *see also Knowlton v. City of Wauwatosa*, No. 20-CV-1660, 2022 WL 1120622, 2022 U.S. Dist. LEXIS 68924, at *4–6 (E.D. Wis. Apr. 14, 2022) (finding that the failure to timely file an answer did not warrant default where the defendants "vigorously defended" the lawsuit).

The problem here is that the individual defendants' motion to dismiss was filed about two weeks late. But that deadline may be extended "for good cause" and "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The court, however, cannot enlarge that time period on its own. *See Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 558 (7th Cir. 1996) (finding that a district court erred in granting relief under Rule 6(b) when "there was no motion by the defendant and no explanation for the failure to respond to the complaint"). Thus, if the individual defendants want to extend the time for responding to Vega's complaint, they must promptly seek relief under Rule 6(b). *See Lewis v. Sch. Dist. # 70*, 523 F.3d 730, 740 (7th Cir. 2008) (listing factors courts consider in determining whether a defendant has shown excusable neglect).

Accordingly, the court **DENIES** the plaintiff's request for entry of default, ECF No. 38, and **DENIES** the plaintiff's motion for default judgment, ECF No. 39. Vega may have until **April 30, 2024**, to respond to the individual defendants' motion to dismiss, ECF No. 35.

**SO ORDERED** this 16th day of April, 2024.

_____
STEPHEN C. DRIES
United States Magistrate Judge