UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PABLITO VEGA,

    Plaintiff,

    v.                                                                                    Case No. 23-CV-1124-SCD

WISCONSIN DEPARTMENT OF WORKFORCE DEVELOPMENT,
ADJUDICATOR 4318,
ROHIT RANGARAJAN,
LABOR AND INDUSTRY REVIEW COMMISSION MEMBERS,
MICHAEL H. GILLICK,
GEORGIA E. MAXWELL, and
MARILYN TOWNSEND,

    Defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Pablito Vega filed a *pro se* complaint against the Wisconsin Department of Workforce Development, the Labor and Industry Review Commission, and others, seeking to compel the release of pandemic-related unemployment benefits allegedly owed to him. *See* ECF No. 1. On April 16, 2024, this court granted the Department's and the Commission's motions to dismiss the complaint on sovereign immunity grounds. *See* ECF No. 40. The court also noted that Congress did not create a private cause of action for pandemic-related benefits when it passed the CARES Act and that such benefits were administered by the states, not the federal government. Vega seeks reconsideration of that decision. *See* ECF No. 44.

Motions for reconsideration are disfavored and rarely granted. *See Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). A motion for reconsideration "is not an appropriate forum for rehashing previously rejected arguments

or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) (citing *In Re Oil Spill*, 794 F. Supp. 261, 267 (N.D. Ill. 1992)). Rather, a motion for reconsideration serves the limited function of correcting manifest errors of law or fact or presenting newly discovered evidence. *Id.* at 1269 (citing *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)); *see also A & C Constr. & Install., Co. WLL v. Zurich Am. Ins. Co.*, 963 F.3d 705, 709 (7th Cir. 2020) ("The district court's 'opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.'") (quoting *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)).

Vega has not presented any compelling reason to reconsider my decision granting the Department's and the Commission's motions to dismiss. He mostly repeats his previous arguments, including that he is pursuing relief under 42 U.S.C. § 1983, not the CARES Act; he has a liberty interest in the unemployment benefits he says were wrongly withheld; and the State of Wisconsin has awarded benefits under similar circumstances. He cites two Wisconsin state cases that he believes constitute newly discovered evidence. The first case, however, was decided back in May 2023, and Vega does not explain why he failed to discover it earlier. Moreover, both cases concern state-court judicial review of the Commission's decision to award pandemic-related unemployment benefits. Vega has already unsuccessfully pursued that relief in the state courts. In this federal action, he seeks to compel benefits from the Department, the Commission, and/or agency members in their official capacity. However, as

explained in the previous decision, sovereign immunity bars Vega's claims against those entities. Neither state case addresses that issue. And Vega presents no other argument suggesting that the court committed a manifest error in resolving the Department's and the Commission's motions to dismiss on sovereign immunity grounds.

Accordingly, the court **DENIES** the plaintiff's motion for reconsideration, ECF No. 44. Vega may have until **July 3, 2024**, to respond to the individual defendants' motion to dismiss, ECF No. 35.

**SO ORDERED** this 18th day of June, 2024.

_____
STEPHEN C. DRIES
United States Magistrate Judge